UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO MANDELL MOORE,
 #524955,

    Petitioner,

v.

MICHAEL BURGESS,

    Respondent,
_____/

Case No. 2:23-cv-11203
HON. BERNARD A. FRIEDMAN
SENIOR U. S. DISTRICT COURT JUDGE

### OPINION AND ORDER GRANTING MOTION, HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS, AND ADMINISTRATIVELY CLOSING THE CASE.

Mario Mandell Moore, ("petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for armed robbery, Mich. Comp. Laws § 750.529. (ECF No. 1). Petitioner has now filed a motion to hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition. (ECF No. 11).

The Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. The Court administratively closes the case.

1

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v Moore*, No. 350397, 2020 WL 6816976 (Mich. Ct. App. Nov. 19, 2020); *lv. den.* 509 Mich. 859 (2022); *cert. den. sub nom Moore v. Michigan*, 143 S. Ct. 146 (2022).

On May 16, 2023, petitioner filed his application for writ of habeas corpus.[1] (ECF No. 1). Petitioner seeks habeas relief on the claims that he raised in the state court on his direct appeal.

## II. Discussion

Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to raise claims that have not been exhausted with the state courts and which are not included in the current petition.

A federal district court has the power to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay"); *Anthony*

---

[1] Under the prison mailbox rule, this Court assumes that petitioner actually filed his habeas petition on May 16, 2023, the date that it was signed and dated. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

2

*v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "'when considerations of comity and judicial economy would be served'") (quoting *Nowaczyk*, 299 F. 3d at 83); *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).

The Court grants petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust. The outright dismissal of the petition, even if without prejudice, might bar review of petitioner's claims due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common reason for holding a habeas petition in abeyance arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

Other considerations support holding the petition in abeyance while petitioner returns to the state courts to exhaust his new claims. Specifically,

> the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition.

*Thomas,* 89 F. Supp. 3d at 942. Moreover, "if this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

Other factors support the issuance of a stay. This Court is unable at the present time to determine whether petitioner's new claims have any merit, thus, the Court cannot conclude that petitioner's claims are "plainly meritless." *Thomas*, 89 F. Supp. 3d at 943. Nor, on the other hand, can the Court at this time find that petitioner's new claims warrant habeas relief. *Id.* If the state courts deny post-conviction relief, this Court could still benefit from the state courts' rulings on these claims in determining whether to allow petitioner to amend his petition to add these claims. *Id.* Lastly, there is no prejudice to respondent in staying this case, whereas petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Id.*

Where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by petitioner in exhausting state court remedies, this Court

4

imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow petitioner to initiate post-conviction proceedings in the state courts. This is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721.

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.303; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal a denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See, e.g.*, *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III. ORDER

**IT IS HEREBY ORDERED** that the motion to stay proceedings (ECF No. 11) is **GRANTED IN SO FAR AS** the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within sixty days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only the claims that were raised in the original petition. After petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay, using the same caption and case number. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas*, 89 F. Supp. 3d at 943-44.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

Dated: February 23, 2024
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on February 23, 2024.

**Mario Mandell Moore** 524955
EARNEST C. BROOKS CORRECTIONAL FACILITY
2500 S. SHERIDAN DRIVE
MUSKEGON HEIGHTS, MI 49444

s/Johnetta M. Curry-Williams
Case Manager

7